# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN J. CASTELLANO,

        Plaintiff,

v.

JENNIFER SPOTTS and REBECCA MAHIN,

        Defendants.

Case No. 16-CV-1248-JPS

**ORDER**

On November 3, 2016, the Court screened the plaintiff's initial complaint. (Docket #10). The Court found that the plaintiff had improperly attempted to include unrelated claims against multiple defendants. *Id.* at 4-5. The Court struck the complaint and required the plaintiff to offer an amended complaint to continue this action. *Id.* at 5. On November 17, 2016, the plaintiff submitted an amended complaint. (Docket #11).

As noted in its November 3, 2016 order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* (Docket #10 at 1); 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The same standards cited in the original screening order apply here. (Docket #10 at 1-3).

Though the amended complaint eliminated most of the defendants and claims from the plaintiff's original complaint, it suffers similar deficiencies. The plaintiff contends that Jennifer Spotts ("Spotts"), a treatment provider for sex offenders at Racine Correctional Institution, and Rebecca

Mahin ("Mahin"), a probation officer, violated a litany of his rights. (Docket #11 at 4-9). Even with only these two defendants in play, the plaintiff's claims against each are almost entirely unrelated. His claims against Spotts are related to her May 18, 2011 "Sex Offender Program Report," which appears to be a report on the plaintiff's participation in Racine's sex offender treatment program. (Docket #11 at 4-6; #1-1 at 106-110). Mahin's alleged transgressions range include forcing the plaintiff to put his initials on a form, making him wear a GPS monitor, interfering with his HIV/AIDS medication by having him taken into custody for parole violations, preventing him from accessing the Internet, and denying him use of medical marijuana. (Docket #11 at 6-8). These claims apparently arose from June 2013 to January 2014.

The only claim that even mentions both together is one stating that Mahin, "in collusion with Defendant Spotts denied the Plaintiff his equal protection . . . by conspiring with Spotts to have his Parole revoked[.]" (Docket #11 at 8). The plaintiff references Mahin's November 18, 2013 Revocation Summary report, wherein she recommended that he be reincarcerated due to various parole violations. (Docket #1-1 at 162-72). These allegations are conclusory and the report itself makes no suggestion of any communication between Mahin and Spotts at all, much less a conspiracy. As currently pleaded, the claim is not viable.

As with the original complaint, the plaintiff brings unrelated claims against multiple defendants in a single case. Federal Rules of Civil Procedure 18(a) and 20 do not permit this. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Court must, therefore, strike the plaintiff's amended complaint. (Docket #11). The plaintiff will be afforded one final opportunity to amend his complaint before the Court dismisses this action. As the Court instructed on November 3, 2016, only properly related claims must be presented, and

any unrelated claim not pursued in this case must be brought in a separate action. The plaintiff's second amended complaint must be received on or before **December 23, 2016**.

As before, an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). With respect to the plaintiff's first amended complaint, the Court indulged his request to reference his 321-page compilation of exhibits which had been filed with the original complaint. (Docket #11 at 2). It will not do so again with the second amended complaint. If the plaintiff wishes to reference any exhibits, they must be included with the new complaint.

Accordingly,

**IT IS ORDERED** that the amended complaint submitted on November 17, 2016 (Docket #11) be and the same is hereby **STRICKEN**;

**IT IS FURTHER ORDERED** that the plaintiff is directed to file a second amended complaint on or before **December 23, 2016**, which contains only related claims in accordance with this Order;

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint by **December 23, 2016**, that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*

J.P. Stadtmueller
U.S. District Judge