UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN J. CASTELLANO,<br><br>                          Plaintiff,<br>v.<br><br>JENNIFER SPOTTS,<br><br>                          Defendant. | Case No. 16-CV-1248-JPS<br><br><br><br>**ORDER** |

The Court addresses the plaintiff's pending motions, both filed on March 17, 2017. The first motion requests that the plaintiff be permitted to use his release account funds for litigation costs. (Docket #25). While it is true that this Court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee ("IPFF"), *see, e.g.*, *Doty v. Doyle*, 182 F.Supp.2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize the courts to order that…a prisoner's release account be made available [to pay an IPFF]"), this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Notwithstanding the foregoing, denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon

the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment to that prisoner's likelihood of success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is overly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. In light of the foregoing, the Court is obliged to deny the plaintiff's motion to use release account funds to pay for litigation costs.

The second motion is described as "Plaintiff's Motion to File an Oversized Response of 67 Pages to Defendant's Answers and Affirmative Defenses Per Civil Local Court Rules 7(f)." (Docket #26). This motion must also be denied. A "response" to a defendant's answer is neither contemplated nor permitted by the Federal Rules of Civil Procedure, this District's Local

Rules, or any case law.¹ Thus, it is irrelevant whether the plaintiff's "response" document exceeds the thirty page limit provided in Civil Local Rule 7(f). The "response" document itself will be ignored.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for an order permitting access to his release account funds (Docket #25) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion to file an oversized response to the defendant's answer (Docket #26) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

¹The introductory sentence of the "response" states that "the Court gave the Plaintiff a [sic] 03-22-2017 to respond" to the defendant's answer. (Docket #26-1). This is untrue. In the Court's January 24, 2017 scheduling order, the Court stated that *the defendant* may file a motion to dismiss the plaintiff's complaint no later than March 22, 2017. (Docket #20 at 1-2). That deadline is not relevant to any filing that would be offered by the plaintiff. The Court has never ordered him to submit anything like the instant "response."