# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN J. CASTELLANO,

        Plaintiff,

v.

JENNIFER SPOTTS,

        Defendant.

Case No. 16-CV-1248-JPS

**ORDER**

On May 1, 2017, Plaintiff filed a motion to have certain exhibits to his complaint returned to him. (Motion, Docket #33; Exhibits, Docket #1-1 and #21). This is his second such request. *See* (Docket #13 and #14). This is the final time the Court will return any materials to Plaintiff. Plaintiff should keep a copy of **everything** he files with the Court, whether they be pleadings, motions, exhibits, or otherwise.

The Court will also address Plaintiff's other pending motions. On March 27, 2017, Plaintiff filed a "request for a court ordered motion to compel interrogatories and discovery[.]" (Docket #28) (capitalization altered). He states that he wishes to compel responses from Defendant and a person identified as "Parole Commissioner Steven Landerman" pursuant to Federal Rule of Civil Procedure ("FRCP") 31(a)(2) and 33. *Id.* This motion must be denied. First, as to Defendant, she is required to respond to discovery requests in accordance with FRCP 33, 34, and 36, and there is no indication that she has failed to do so as provided in those rules. Thus, it appears Plaintiff's request for a motion to compel is premature.

Second, as to the non-defendant Landerman, the motion is unnecessary. FRCP 31(a)(2) allows a court to provide leave to a party to take

a deposition by written questions. Fed. R. Civ. P. 31(a)(2). However, none of the instances where such leave is required is present here. *Id.* 31(a)(2)(A)-(B). Plaintiff is therefore free to proceed without the Court's leave under FRCP 31(a)(1). *Id.* 31(a)(1). Still, as noted by Defendant in her response to the motion, FRCP 31 has a number of procedural requirements that Plaintiff must comply with if he wishes to conduct a deposition by written questions. *Id.* at 31(a)(3) and (5), (b), (c). The Court cannot assist him in that regard, and a motion to compel Landerman's response to a written deposition would fail without proof that those procedures were followed.

Finally, Plaintiff filed a motion to appoint counsel on September 16, 2016. (Docket #4). As stated in the Court's January 24, 2017 trial scheduling order, no motions for appointment of counsel will be considered until the close of discovery in this matter. (Docket #20 at 5). The motion will, therefore, be denied without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for return of exhibits (Docket #33) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall return the requested exhibits (Docket #1-1 and #21) to Plaintiff;

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (Docket #28) be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket #4) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge