# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN J. CASTELLANO, <br><br> Plaintiff, <br> v. <br><br> JENNIFER SPOTTS, <br><br> Defendant. | Case No. 16-CV-1248-JPS <br><br> **ORDER** |

The Court addresses two pending motions by Plaintiff. The first is his July 11, 2017 motion to compel. (Docket #35). Plaintiff requests that Defendant produce a psychological evaluation conducted on him in September 2000. *Id.* Defendant states that the document has been mailed to him. (Docket #37). Plaintiff further requests some group therapy notes allegedly produced by Defendant, but she states that if they existed, they were destroyed long ago. *Id.* Because the subjects of Plaintiff's motion to compel have been addressed, the motion will be denied.

Plaintiff's second motion, filed on August 2, 2017, seeks appointment of counsel (and is his second request for the same). (Docket #41). Under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent the plaintiff if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

As the Court has already informed Plaintiff, it will not consider any motions for appointment of counsel until the discovery period closes on September 1, 2017. (Docket #20 at 5-6). The motion would be denied on its merits, in any event. As to the first *Pruitt* element, Plaintiff avers that he has sought representation from multiple lawyers. (Docket #41 at 4-5).

As to the difficulty of the case, Plaintiff's argument is largely premised on the idea that a lawyer would do a better job than him. *Id.* at 5. The Seventh Circuit has rejected this sort of reasoning. *Pruitt*, 503 F.3d at 655. Further, any "difficulty" in this case is almost entirely factual, not legal, and Plaintiff's voluminous filings reveal that he has a complete grasp of the facts he believes are relevant to this action. (Docket #41 at 1-2). Next, Plaintiff seems to suggest that the Court found some merit in this case by allowing him to proceed past the screening stage. *Id.* at 5. It has not; whether a case is meritorious is not the Court's inquiry upon screening. Finally, as stated in Plaintiff's motion and an affidavit supporting it, Plaintiff complains of his indigence. *Id.*; (Docket #40 at 2). As the Court previously explained, "if a prisoner concludes that 'the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date.'" (Docket #27 at 2) (quoting *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002)). Plaintiff's second motion for appointment of counsel will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel (Docket #35) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #41) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge